IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MUNICIPAL TRUST AND SAVINGS BANK, )
)
               Plaintiff, )
)
v. ) No. 04 C 6725
)
MARIANNE CLARK, TRUSTEE ROCK CREEK )
TRUST, et al., )
)
               Defendants. )

MEMORANDUM OPINION AND ORDER

This Court has now entered its Judgment of Foreclosure in this case. In that regard, the respective priority claimants--mortgagee Municipal Trust and Savings Bank ("Bank") and the United States--have reached agreement on the terms of that judgment but have asked this Court to resolve one aspect of the first priority to which the Bank as mortgagee is entitled. That issue relates to the includability or nonincludability of the Bank's late charges as "any interest or carrying charges upon the obligation secured" within the meaning of 26 U.S.C. §6323(e) ("Section 6323(e)"). In turn, Section 6323 accords priority to items that come under that rubric "to the extent that, under local law, any such item has the same priority as the lien or security interest to which it relates."

Neither side has been able to locate any direct authority, either under Illinois law ("local law") or elsewhere, bearing on the subject whether the Bank's late charges do or do not fit within the Section 6323(e) language. That is frankly surprising,

given the ease of running a productive Westlaw search of the words "carrying charges"--a subject discussed a bit later in this opinion. But in all events, an analysis from several perspectives leads this Court to conclude that the United States has by far the better of the argument.

In terms of the statutory language as such, the juxtaposition of "interest or carrying charges" in the disjunctive provides some clue as to the meaning of the latter. It would seem logical that "carrying charges" should be viewed as costs of the same general nature as interest, which is the price borne by a lender to compensate for the loss of yield stemming from nonpayment or delayed payment of the amounts required by the mortgage. Just such a reading is consistent with the definitions of "carrying charge" in Black's Law Dictionary (8th ed. 2004):

> 1. A cost, in addition to interest, paid to a creditor for carrying installment credit. 2. Expenses incident to property ownership, such as taxes and upkeep.

As indicated earlier, that view is fortified by a Westlaw search of "carrying charges," which has turned up no fewer than 73 Illinois cases, all of which treat with costs of the type suggested here, and none of which would bring the arbitrarily quantified late charges imposed by the Bank as embraced within the "carrying charges" concept. Indeed, one of those cases (Harper Square Hous. Corp. v. Hayes, 305 Ill.App.3d 955, 713 N.E.2d 666 (1st Dist. 1999)) actually differentiates between

"carrying charges" and "late charges," while all of the mortgage foreclosure cases as well as <u>Harper Square</u> and other real estate cases included in the package (primarily involving lease situations, including cooperative leases) uniformly equate "carrying charges" with real estate taxes, insurance, operating expenses, costs of repairs and the like.

"Late charges" are, it is plain, an entirely different breed of animal. Here is the provision as to "late charges" contained in the Promissory Note secured by the Bank's mortgage:

> If a payment is 10 days or more late, Borrower will be charged 5.000% of the regularly scheduled payment or $10.00, whichever is greater.

Thus an 11-day delay in payment of a scheduled monthly mortgage installment of $2,481.09 triggers a late charge of $124 (equivalent to an annual rate of interest of some 165%), while a 30-day delay costs the delinquent borrower the selfsame $124 (equivalent to an annual interest rate of some 60%).

That scenario plainly does not describe a charge that is reflective of the cost of "carrying" the past-due indebtedness. Instead it is clear that the purpose of the late charge, which bears no direct financial relationship to the cost of "carrying" the additional financial burden occasioned by the delinquency, is simply to induce timely payment of the mortgage installments.

That has in turn led this Court to look once again at the Illinois caselaw with which it already has great familiarity in

another context--the conceptually similar distinction between liquidated damages and penalties. On that score the leading Illinois case, which has been followed repeatedly by other Illinois appellate caselaw, is <u>Stride v. 120 W. Madison Bldg. Corp.</u>, 132 Ill.App.3d 601, 605, 477 N.E.2d 1318, 1321 (1st Dist. 1985):

> Where damages are difficult to ascertain, the parties may specify a particular sum as liquidated damages (5 <u>Corbin on Contracts</u>, §1054 at 319 (1964).) However, if the clause fixing damages is merely to secure performance of the agreement it will be treated as a penalty and only actual damages proved can be recovered. (<u>Scofield v. Tompkins</u> (1880), 95 Ill. 190.)

This Court has applied the <u>Stride</u> principle, as further confirmed by other Illinois cases that follow and quote <u>Stride</u>, in such decisions as <u>Auto. Fin. Corp. v. Ridge Chrysler Plymouth, L.L.C.</u>, 219 F.Supp.2d 945, 950 (N.D. Ill. 2002):

> No matter what label the parties apply to a contractual term, Illinois law states that contract provisions may not serve as a "threat used to secure performance" (<u>Med+Plus Neck & Back Pain Ctr., S.C. v. Noffsinger</u>, 311 Ill.App.3d 853, 860, 244 Ill.Dec. 712, 717, 726 N.E.2d 687, 693 (2d Dist. 2000); accord, <u>Checkers Eight</u>, 241 F.3d at 562). It is well established that "if the purpose of the clause fixing damages is merely to secure performance of the agreement, it will not be upheld" (<u>Hidden Grove</u>, 318 Ill.App.3d at 947, 253 Ill.Dec. 23, 744 N.E.2d at 307).

This opinion should not be misunderstood as holding that the Bank's late charges in this case are not collectible because they constitute an unenforceable penalty, an issue that is not before this Court. Instead what has just been said further corroborates

4

the already expressed notion that the statutory reference to "carrying charges" in Section 6323(e) does not encompass the portion of the Bank's total claim that it has calculated as "late charges."

## Conclusion

When the mortgaged property is sold pursuant to the Judgment of Foreclosure, the amount of the Bank's claim ascribable to "late charges" will not be included in the amount as to which it stands as the primary secured creditor, ranking ahead of the United States' tax lien. Because the amount of that multimillion dollar tax lien is far in excess of the market value that the parties have projected for the mortgaged property, it would appear that the late charges--subordinate as they are to the government's tax lien--have essentially become a moot issue.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 21, 2005